# 𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

## CHAMBERS v. ROANOKE INDUSTRIAL AND AGRICULTURAL ASSOCIATION AND OTHERS.

September 15, 1910.

Absent, Buchanan and Cardwell, JJ.

1. HIGHWAYS—*Obstruction—Power of City to Close Streets.*—Public highways, whether they be in the country or in a city, belong, not partially, but entirely, to the public at large, and supreme control over them is vested in the legislature. Any unauthorized obstruction of them which unnecessarily impedes or incommodes their lawful use is a public nuisance at common law; and, in the absence of a grant from the General Assembly, a city ordinance which attempts to authorize such obstruction is a mere nullity.

2. DEDICATION—*Streets—Change of Width by Parties.*—Where land near a city has been laid off into lots and blocks, and a plat made and recorded showing streets and alleys of a designated width, with a view to selling off the lots for building purposes, but subsequently the scheme utterly fails, and the land is reconveyed to the former owner in payment of a balance of purchase money, and a large portion of the land is rented out for agricultural purposes, and in the meantime a street which had been laid out thereon as seventy-five feet wide is fenced on its southern side by those interested as a street sixty-five feet wide, and the fence has been regarded and treated by the public, and especially by those interested, as the southern boundary of the street, and the owner of the property has sold off a number of lots lying on the south side of said street, fronting thereon and running to the fence marking the southern line of said street, the fence will be treated as the southern boundary of the street, and the street as sixty-five feet wide instead of seventy-five as originally laid out.

3. DEDICATION—*Recording Map of Streets—Abandonment of Scheme—Unopened Streets.*—The evidence in the case in judgment shows

that the dedication of the streets in controversy by recording a map, if it was duly recorded, was never acted on by opening the streets, and as to the unopened streets it was inchoate merely and was abrogated by subsequent events.

Appeal from a decree of the Circuit Court of the city of Roanoke.  Decree for defendants.  Complainant appeals.

*Reversed.*

The opinion states the case.

*Smith & Wingfield,* for the appellant.

*Hall, Woods & Jackson* and *S. H. Graves,* for the appellees.

HARRISON, J., delivered the opinion of the court.

On January 16, 1906, the appellant entered into a contract in writing with the appellee by which he agreed to sell and convey to it ten acres of land in the city of Roanoke, the eastern line to be the line of Trueman and Plunkett; the northern line to be Pleasant avenue; the southern line to be Roanoke river; and the western line to run through the lands of appellant at such point as ten acres surveyed will locate it. Subsequently appellant had the land surveyed, and in conformity with such survey executed and delivered a deed to appellee which both parties supposed contained ten acres.

The bill in this case was filed in July, 1906, by the appellant, alleging that shortly after the deed was executed and delivered to the appellee by him he discovered that the tract of land thereby conveyed contained more than ten acres, as the result of a mistake in the survey which he had followed in making the deed; and that the survey by which the deed was made did not conform to the boundaries prescribed by the contract.  The bill further alleged that the appellee association, claiming to act under the authority of a resolution

of the city council of Roanoke, was fencing up a strip of Pleasant avenue thirty-five feet wide, extending the full length of the land conveyed, and that which remained in the ownership and possession of appellant, and was engaged in erecting upon that part of Pleasant avenue so fenced up sheds, stables and other buildings to be used for fair-ground purposes. Appellant further alleged that the effect of this action of appellee was to deprive him of his frontage on Pleasant avenue; that said avenue was his only outlet and right of way, except with great inconvenience in distance and travel; that he occupied the property as a home; and that the sheds, stables and other buildings being placed in the avenue for the purpose intended would amount to a nuisance, and be a menace to the health of his family, and greatly depreciate and damage the value of his property.

The bill makes the appellee association and the city of Roanoke parties defendant, and prays that each be enjoined and restrained from obstructing Pleasant avenue in the manner alleged in the bill, or in any way interfering with the right of appellant to the unlimited enjoyment of the use of the entire street or highway. The prayer of the bill, further, is that the alleged mistake in the deed executed and delivered by the appellant to the appellee association be corrected and the deed made to conform to the intention of the parties.

The city of Roanoke answered the bill asserting its power to authorize the fencing up of part of Pleasant avenue to be used for fair-ground purposes, and denying that the appellant was injured thereby. The answer of the appellee association asserts the same propositions contended for by the city of Roanoke, and claims that the tract of land conveyed to it by the appellee contained .13 of an acre less than ten acres, and asks that the purchase price be abated accordingly.

The circuit court granted an injunction in accordance with the prayer of the bill, and subsequently, on August 6, 1906, dis-

solved the same. On September 21, 1908, the cause was heard on the right of appellant to have the deed reformed as prayed for, and a decree was rendered holding that according to the terms of the contract, in pursuance of which the deed was made, the south line of the land sold was the low water mark of the Roanoke river; and further holding that Pleasant avenue, the northern line of the land sold, was seventy-five feet wide, and appointing a surveyor to survey the land in accordance with the decree. From these two decrees this appeal was allowed.

We are of opinion that the court erred in its decree of August 6, 1906, dissolving the injunction theretofore granted restraining the appellee association from obstructing Pleasant avenue in the manner alleged in the bill.

The record shows that Pleasant avenue is a public highway, and this being so the city of Roanoke had no power or authority, in the absence of a grant from the General Assembly, to confer upon the appellee association the right to fence up any part of such highway and to erect the buildings complained of thereon. No such authority is found in its charter, or the general law.

It is well settled that public highways, whether they be in the country or in a city, belong, not partially, but entirely, to the public at large, and that the supreme control over them is in the legislature. It is also an established general rule that any unauthorized obstruction which unnecessarily impedes or incommodes the lawful use of a highway is a public nuisance at common law.

The city of Roanoke having no legislative authority to grant the use of Pleasant avenue for the purposes here complained of, its ordinance was a nullity, and furnished no warrant for the act of the appellee association in fencing up one-half of this public highway and building sheds, stables and other buildings thereon for fair-ground purposes. *Richmond City* v. *Smith,* 101 Va. 161, 43 S. E. 345.

We are further of opinion that the circuit court properly held that the southern line of the ten acres sold by the appellant was the low water mark of the Roanoke river, but that it erred in holding that Pleasant avenue, the northern line of the land sold, was seventy-five feet wide.

The appellant contends that Pleasant avenue is sixty-five feet wide, and we think that contention is sustained by the evidence. The effect of the conclusion that Pleasant avenue is seventy-five feet wide is to put its southern line in and upon the enclosed property of the appellant, a distance of ten feet, thus making it necessary to move the western line of the land sold considerably upon the property reserved by the appellant in order to make up the ten acres sold by appellee.

It appears from the record that the land in controversy is part of a tract of about seventy acres, which was conveyed in October, 1890, by the Roanoke Land and Improvement Company to the Pleasant Valley Land Company. This last-named company, with the purpose of selling the land off into lots for residences, had a map prepared showing the seventy acres laid off into streets and alleys, and among other streets shown thereon was Pleasant avenue, with a width of seventy-five feet. This map is the basis of the claim now made that, in ascertaining the northern boundary of the ten acres sold by appellant to appellee, Pleasant avenue must be held to have a width of seventy-five feet. The Pleasant Valley Land Company sold a few lots with reference to this map, but none of the lots so sold were near to the property involved in this controversy. Like all similar enterprises started at and about that time, the Pleasant Valley Land Company failed, and in May, 1896, reconveyed the tract of land to the Roanoke Land and Improvement Company in discharge of a large balance of purchase money secured thereon by deed of trust, making certain reservations not material in this connection. Some time before this conveyance was made, the grantor, recogniz-

ing the failure of its scheme of selling the land off in lots for building purposes, rented out a large portion of it for purposes of agriculture. In the mean time Pleasant avenue, with a width of sixty-five feet, was fenced on its southern side by those interested. This fence was built along the southern line of the avenue, as then established, sixty-five feet south of its northern line, and has remained there ever since, regarded and treated by the public, and especially by those particularly interested, as the southern line of Pleasant avenue. Since the Roanoke Land and Improvement Company re-acquired the land in 1896, it has sold off a number of parcels to different parties, including both the appellant and the appellee; the parcels thus sold, lying south of Pleasant avenue, front thereon, and run to the fence, long before built, marking the southern line of that avenue.

It is not necessary to determine whether or not the map which the Pleasant Valley Land Company had made in 1890 was recorded in accordance with the statute, for if its recordation were admitted and constituted at that time a dedication, it was never acted upon by opening the streets and alleys designated thereon for the public use, and it would be, as said by this court in a very similar case, nevertheless true, that so far as the unopened streets are concerned the dedication was inchoate merely, and had been abrogated by subsequent events. The general purpose of the dedication has failed: the property has been sold with a view to changed conditions; and these circumstances, coupled with the continuous failure of the public, during all these years, to open and maintain these streets, together with the systematic diversion of the land included in them to uses foreign to the dedication, all furnish unmistakable evidence of their abandonment. Any other conclusion would work great injustice to the present holders of the property.

Pleasant avenue being established and used by the public as a highway sixty-five feet wide, with its southern line

marked by a fence sixty-five feet south of its northern line, and upon which the ten acres of land sold by appellant to the appellee fronts, and the southern line of the ten acres being fixed at the low water mark of the Roanoke river, there can be no difficulty in ascertaining by survey the proper metes and bounds of the ten acres to be conveyed by the appellant to the appellee.

For these reasons the decrees appealed from must be reversed, and the cause remanded to the circuit court for further proceedings not in conflict with this opinion.

*Reversed.*