SIPE AND OTHERS V. ALLEY.

September 9, 1915.

Absent, Keith, P.

1. STREETS—*Dedication—Recorded Plat—General Scheme—Use of All Streets by a Single Purchaser.*—When a land owner has laid off his lands into lots, streets and alleys, and has had a plat thereof duly recorded under section 2510-a of the Code (1904), and has sold lots designated thereon to individuals by reference to such plat, the grantees and all persons claiming under them acquire vested easements in all the streets and alleys laid out and designated on the plat. All who buy with reference to the general plan or scheme disclosed by the plat acquire a right in all the public ways designated thereon, and may force the dedication. The plan or scheme indicated on the plat is recorded as a unity, and it is presumed that the public ways add value to all the lots embraced in the general plan or scheme.

2. STREETS—*Abandonment—Burden of Proof.*—When a street has been dedicated, the burden of showing a discontinuance, vacation or abandonment of the street is upon the party who asserts it.

3. STREETS—*Abandonment—Delay in Opening—Fencing Part.*—Delay in opening a street is not an abandonment thereof, except so far as statutory or charter provisions fix a rule to the contrary. Nor is a mere user of a portion of a street fenced in with abutting property an abandonment of the street by the public. Some private use of the public way is not infrequently accorded abutting owners until the public use requires its surrender.

Appeal from a decree of the Circuit Court of Tazewell county. Decree for the defendant. Complainants appeal.

*Reversed.*

The opinion states the case.

*J. W. Hicks* and *J. W. Chapman,* for the appellants.

*Sexton & Roberts* and *Barnes Gillespie,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The bill in this case was filed for the purpose of compelling the defendant to open a certain street which she had, as alleged, unlawfully closed, thereby damaging the complainants. The prayer of the bill was that a mandatory injunction be awarded requiring the defendant, Virginia Alley, to open the street mentioned and that she be perpetually enjoined from closing the same or from interfering with the free use and enjoyment thereof by the complainants. The circuit court refused the injunction and dismissed the bill.

It appears that in the year 1892 the West Graham Land and Improvement Company, a corporation, owned a certain tract of land adjacent to the town of Graham, in Tazewell county, which it divided into lots, streets and alleys as shown by a plat thereof which was duly recorded in the clerk's office of Tazewell county. After the tract of land was thus subdivided the land company sold numerous lots, conveying them to the purchasers by deed and referring in each conveyance, for description, to the recorded plat, the number of the lot conveyed and the number of the section in which it was located, as shown by the plat. It further appears that the complainant, Juanita V. Sipe, is the owner of lot No. 9 in section 33 of the plat; that the complainant, Amanda J. McComas, is the owner of lots numbered 14, 7 and 8 in the same section; that the complainant, E. C. McComas, is the owner of lots numbered 1, 2, 3, 4, 6, 12, 13, 16, 17, 18, 19 and 20 in the same section; and that the defendant, Virginia Alley, is the owner

of lot 10 in section 33 and lots 1, 2 and 3 in section 36.
These lots were derived by the several owners through
*mesne* conveyance from the West Graham Land and Im-
provement Company, each successive deed describing the
lot or lots conveyed by the number or section as designated
on the company's recorded plat. Reference to the map filed
with the record shows that section 33 is bounded on the
north by Greever avenue, on the east by Calvin street, on the
south by Tazewell avenue, and on the west by Wesley
street, with an alley twenty feet wide through the center
of the section from Wesley street on the west into Calvin
street on the east. There are twenty lots in this section,
half of them fronting on Greever avenue, the other half
fronting on Tazewell avenue, and all of them running back
to the alley mentioned through the center of section 33.
The lots 1, 2 and 3 owned by the defendant in section 36
are on the corner of Greever avenue and Calvin street,
and are separated by Calvin street from her corner lot
No. 10 in section 33, which also fronts on Greever avenue
and Calvin street. The right of the defendant to close
Calvin street, which runs between her lots in section 36
and her lot in section 33, is the subject of this controversy.

It appears that in 1904 the predecessor in title of the
defendant had a verbal agreement with one of the com-
plainants that Calvin street might be closed if a way was
opened through his lot No. 10 in section 33, so as to give
all the owners of lots in section 33 a free outlet from the
alley to Greever avenue. This agreement and the sub-
sequent controversy growing out of it are not material
considerations in the present case, it being, in our opinion,
clear that the parties thereto had no power or authority
to close the street in question against all other owners of
lots derived from the West Graham Land and Improvement
Company under their map or plat of record.

Section 2510-a of the Code of 1904 provides for the sub-division of land into lots and for the recordation of the plat thereof, and the third clause of the section declares that "the acknowledgment and recording of such plat shall operate to create a public easement or right of passage over such portion of the premises platted, as is on such plat set apart for streets or other public use," etc. This section further provides how such a plat may be vacated and how the streets and alleys set forth thereon may be closed, but we do not understand it to be contended that the plat in this case was vacated or the streets and alleys closed in the manner provided by this section.

"When lands are laid off into lots, streets and alleys and a map or plat thereof is made and recorded, all lots sold and conveyed by reference thereto, without reservation, carry with them, as appurtenant thereto, the right to the use of the easement in such streets and alleys necessary to the enjoyment and value of said lots." *Cook* v. *Totten,* 49 W. Va. 177, 38 S. E. 491, 87 Am. St. Rep. 792; *Edwards* v. *Moundsville Land Co.,* 56 W. Va. 43, 48 S. E. 754; *Taylor* v. *Commonwealth,* 29 Gratt. (70 Va.) 780; *Indianapolis* v. *Kingsbury,* 101 Ind. 200, 51 Am. Rep. 749.

In *Edwards* v. *Moundsville Land Co., supra,* it is said: "The law seems to be well settled that it is not only those who buy lands or lots abutting on the street or road laid out on a map or plat that have a right to insist upon the opening of the street or road, but where streets and roads are marked on a plat and lots are bought and sold with reference to the plat or map, all who buy with reference to the general plan or scheme disclosed by the plat or map acquire a right in all the public ways designated thereon and may force the dedication. The plan or scheme indicated on the plat or map is recorded as a unity, and it is presumed, as it well may be, that the public ways add value

to all the lots embraced in the general scheme or plan; certainly, as every one knows, lots with convenient cross streets are of more value than those without, and it is fair to presume that the original owner would not have donated land for public ways unless it gave value to the lots. So too it is just to presume that the purchasers paid the added value and the donor ought not, therefore, to be permitted to take it from them by revoking part of his dedication."

Under section 2510-a the streets and alleys on the duly recorded plat of the West Graham Land and Improvement Company were dedicated, not only to the use of the purchasers of lots on that plat, but to the use of the public generally; and it is clear from the authorities cited that the complainants being the owners of the lots mentioned in section 33 of the plat are, as incident to such ownership, rightfully entitled to the use of Calvin street, unless they have in some way lost such right, or been deprived of it.

The defendant insists that the use of Calvin street by the complainants is not a necessity and much evidence has been taken upon that controverted question which is very conflicting. This was not in our view a material question. When the land company recorded its plat and sold the lots designated thereon to individuals by reference to such plat, the grantees from the company and all persons claiming under them acquired vested easements in all the streets and alleys laid out and designated on the plat. If, however, the question had been material, it does not satisfactorily appear that Calvin street added nothing to the value and convenience of the lots owned by the complainants.

It is further insisted that Calvin street had been abandoned. When a street has been dedicated, the burden of showing a discontinuance, vacation or abandonment of the street is upon the party who asserts it. The defendant has

not borne that burden in the present case. The chief circumstance relied on in support of the suggestion of abandonment is that the street was never open to the public use, and that the defendant and her predecessor has maintained, without objection, for a long time a fence enclosing it with her own property.

Delay in opening a street is not an abandonment thereof, except so far as statutory or charter provisions fix a rule to the contrary. Nor is a mere nonuser of a portion of a street fenced in with abutting property an abandonment of the street by the public. Some private use of the public way is not infrequently accorded abutting owners until the public use requires its surrender. *Town of Basic City* v. *Bell.* 114 Va. 157, 76 S. E. 336.

In support of the contention that Calvin street has been abandoned and should not now be opened, the defendant relies on the cases of *Town of Glasgow* v. *Mathews,* 106 Va. 14, 54 S. E. 991, and *Chambers* v. *Roanoke, &c. Association,* 111 Va. 255, 68 S. E. 980. Reference to those cases will show that they are wholly different in their facts and are not helpful in the consideration of the present case, where all of the lots in section 33 adjacent to Calvin street were bought with reference to the recorded map by virtue of which Calvin street was dedicated to the use of the owners of such lots as a valuable incident to their several purchases.

Upon the whole case we are of opinion that the vested rights of the complainants in Calvin street have not been impaired in any way and that they are entitled to have the benefit of the free and unobstructed use of such street. The decree complained of must therefore be reversed and the cause remanded, directing the circuit court to enter a decree in accordance with the prayer of the bill, requiring the defendant, Virginia Alley, to open that part of Calvin

street enclosed by her or her predecessor in title, and perpetually enjoining her from closing said Calvin street and interfering in any way with the free use and enjoyment thereof by the complainants.

*Reversed.*