# Richmond.

## W. H. SAUNDERS v. OCEAN PARK CORPORATION.

### December 18, 1924.

1. DIRECTING VERDICT—*Peremptory Instruction—Construction of Contract by Court.*—*Nisi prius* courts have always construed contracts in writing and determined their legal effect, unless there was something in the particular contract to take it out of the general rule, and the statute against peremptory instructions has no application to that class of cases where the verdict of the jury depends upon the legal effect to be given to a written contract.

2. STREETS AND HIGHWAYS—*Dedication—Recorded Plat under §§5217-5219.*— A land company subdivided a tract of land into lots, streets, alleys, etc., and recorded a plat of the subdivision under §§5217-5219, Code of 1919, and in its deeds to purchasers embodied many restrictions. Among others that no building should be erected within fifteen feet of any street or avenue. The land company deeded several lots to defendant, and the plat and restrictions were embodied in the deeds, and agreed to lease plaintiff "exclusive right for hire boats for fishing and other purposes."

   *Held:* That defendant had no right to erect and maintain a building in one of the platted streets.

3. STREETS AND HIGHWAYS—*Dedication—Recorded Plat under §§5217-5219.*— Where a land company subdivided a tract of land into lots, streets, alleys, etc., and recorded a plat of the subdivision under §§5217-5219, Code of 1919, all persons dealing with the corporation were charged with knowledge of the facts therein disclosed and bound by the dedications therein made, and the company could not grant the right to erect a permanent structure in one of the platted streets.

Error to a judgment of the Circuit Court of Princess Anne county, in an action of unlawful detainer. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Robert W. Tomlin*, for the plaintiff in error.

*L. B. Cox*, for the defendant in error.

McLEMORE, J., delivered the opinion of the court.

Ocean Park Corporation is a land company with a development on Lynnhaven Bay, in Princess Anne county, where it has subdivided a tract of land into lots, streets, alleyways, etc., and sold the lots to sundry purchasers in accordance with the dimensions and descriptions contained in a certain plat dated May 10, 1913, known as "section A of Ocean Park portion of property owned by Ocean Park Corporation," which plat is duly recorded in Princess Anne county in compliance with the statute, Code section 5219.

An electric line of the Norfolk and Southern Railway runs through the property and section A is that portion of the platted lots situated east of the railway track and between the right of way and the water front or shore line.

The deed by which the corporation conveyed lots to purchasers contained numerous restrictions, limitations and conditions, one of which was: "Fifth: No building or any portion thereof, except the steps, shall be erected within fifteen feet of any street or avenue, or within ten feet of any dividing line, etc."

On April 14, 1921, and again on August 23, 1921, plaintiff in error purchased from the land company lots in "section A," in both of which deeds the recorded plat of the property, as well as the restrictions and conditions just above recited, were embodied and made a part of the deeds.

Two plats were introduced in the evidence but for all practical purposes they are in accord.

In a letter dated August 23, 1921, from plaintiff to defendant offering to buy the four lots conveyed by the deed of that date, there is contained an offer to lease certain "fishing and boating privileges on said property. The price for the fishing and boating privileges, above referred to, is to be $100.00 per year for five years, with the privilege of a five year renewal."

To this letter defendant, after accepting the offer to buy the lots, in its receipt signed August 24, 1921, says: "As a further consideration the Ocean Park Corporation agrees to lease to the purchaser the exclusive right for hire boats for fishing and other purposes on the south side of the railroad now running through the property, for a term of five years at one hundred ($100.00) dollars per year, payable the first of each January, with the privilege of a five year renewal of said lease, the first rent to become due January 1, 1923, and each January thereafter during the life of the lease.

"Ocean Park Corporation,
"By J. W. Hough, Pres."

Almost immediately thereafter plaintiff began the erection of a building in Lynnhaven promenade, one of the streets shown on the recorded plats referred to in the deed to him, and had constructed and was using said building at the time of the institution of this action. The defendant made frequent protests against the construction of the building in the said promenade, but was met with the contention on the part of the plaintiff that he had the right to so occupy the street by virtue of the defendant's letter of August 24, 1921—the fee in the streets having been reserved by the land company, as shown by a notation on the said plat.

[1-3] The court gave two instructions reading as follows:

"First: The court instructs the jury that the letter of August 24, 1921, from Ocean Park Corporation to W. H. Saunders leasing to him the fishing and boat privileges, did not give the defendant the right to erect or maintain the building in Lynnhaven promenade between Lynnhaven Bay and block two on the recorded plat of Ocean Park filed in this case.

"Second: The court instructs the jury that the parties to this suit are bound by the recorded plat of its property at Ocean Park as to the location of the streets and roadways; that it was the duty of the said corporation to keep the streets and roadways open for the use of the owners of the lots shown on said plat; that the corporation had no right to give the defendant permission to obstruct or occupy any street or roadway shown on said plat, and that any such permission, if given, was void."

To both of which the defendant excepted.

Upon these instructions a verdict was rendered for the plaintiff in the trial court and final judgment entered thereon. If the instructions rightly declare the law applicable to this case, there has been no error in the verdict of the jury and in entering judgment thereon.

It is urged upon this court that these instructions took from the jury the decision of the question at issue, and practically directed a verdict in favor of the Ocean Park Corporation. Assuming this contention to be true, has the court erred in so doing? We think not.

*Nisi prius* courts have always construed contracts in writing and determined their legal effect, unless there was something in the particular contract to take it out of the general rule. *Washington Sou. Ry.* v. *Lacey*, 94 Va. 465, 26 S. E. 834; *Forest V. L. Co.* v. *Atlantic, etc.,*

120 Va. 314, 91 S. E. 198; and *Realty Co.* v. *Burcum*, 129 Va. 471, 106 S. E. 375.

The statute against peremptory instructions has no application to that class of cases where the verdict of the jury depends upon the legal effect to be given to a written contract. *Small* v. *Va. Railway & Power Co.*, 125 Va. 426, 99 S. E. 525.

The question, therefore, to be determined is: Did the trial court rightly construe the letter of August 23, 1921, and of August 24, 1921?

So much of the letter of August 23rd, written by the plaintiff, as is pertinent, reads as follows:

"August 23, 1921.

"Ocean Park Corporation,
      "Norfolk, Va.
"Gentlemen:

"As you could not accept my proposition for exchange of properties at Ocean Park, I wish to make you the following offer for lots Nos. 3, 4, 5 and 6, in block 2, with the material thereon and appurtenances thereto, including a provision for a lease of the fishing and boating privileges on said property.

\*       \*       \*       \*       \*       \*       \*       \*       \*

"The above proposition to be accepted and closed on or before September 1, 1921.

"The price for the fishing and boating privileges above referred to is to be $100.00 per year for five years, with the privilege of a five year renewal.

"W. H. Saunders."

To this letter the defendant corporation, on August 24, 1921, replied as follows:

\*       \*       \*       \*       \*       \*       \*       \*       \*

"As a further consideration the Ocean Park Corpo-

ration agrees to lease to the purchaser the exclusive right for hire boats for fishing and other purposes on the south side of the railroad now running through the property, for a term of five years at one hundred ($100.00) dollars per year, payable the first of each January, with the privilege of a five year renewal of said lease, the first rent to become due January 1, 1923, and each January thereafter during the life of the lease."

The instruction No. 1 told the jury that this letter did not give the right to plaintiff in error to "erect or maintain the building in Lynnhaven promenade, etc." We think this construction of the contract is clearly right.

It will be observed that only a lease of the *fishing and boating privileges* on said property were contemplated in the offer made by plaintiff, and the final agreement of the parties is confined to a lease of the "exclusive right for hire boats for fishing and other purposes on the south side of the railroad now running through the property, etc."

That the defendant corporation had no power to grant to the plaintiff in error the privileges he is claiming and exercising seems to us free from doubt. The plat having been recorded as provided by the Code, sections 5217, 5218 and 5219, showing the lots, streets, alleyways and promenades, all persons dealing with the corporation were charged with knowledge of the facts therein disclosed and bound by the dedications therein made. *Sife v. Alley,* 117 Va. 819, 86 S. E. 122; *Scott v. Albemarle Horse Show Ass'n,* 128 Va. 517-531, 104 S. E. 842.

If the defendant corporation has the power, as contended for by the plaintiff in error, to contract for the exclusive use by one or more persons of a substantial portion of the street, then the promenade dedicated by

the owners of the property, especially to the use of purchasers of lots in this development, would be rendered useless to those for whom it was set apart, and who had acquired vested rights therein by purchasing lots, the deeds for which had referred specifically to the recorded plat for boundaries, descriptions, blocks and numbers.

It would follow from the observations last herein made that defendant corporation, even had it essayed to do so (and we think it did not), had no authority to authorize any permanent construction or obstruction in Lynnhaven promenade, and any attempt to do so would be without legal effect and void.

The two instructions given by the trial court, in our opinion, correctly state the law as applied to this case, and the judgment complained of is clearly right and will be affirmed.

*Affirmed.*