## Staunton.

BAKER-MATTHEWS LUMBER CO., INC. v. LINCOLN FURNITURE MANUFACTURING CO., INC.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*L. Preston Collins*, for the plaintiff in error.

*Buchanan & Buchanan*, for the defendant in error.

HOLT, J., delivered the opinion of the court.

In April, 1923, the Baker-Matthews Lumber Company, plaintiff, sold to the Lincoln Furniture Manu-

facturing Company, defendant, a bill of lumber to be delivered in July following at its factory in Bristol, then in the course of construction. Plaintiff charges that the defendant afterwards refused to accept this lumber. There was a resale at purchaser's risk and cost, which resale resulted in a loss of $850.00. The loss so sustained is the basis of this action.

At the first trial there was a verdict and judgment for the defendant. That case then came before us on a writ of error and is reported in *Baker-Mathews Lumber Co.* v. *Lincoln Furniture Mfg. Co.*, 148 Va. 413, 139 S. E. 254. The judgment was reversed but not on its merits and the case remanded. At the second trial there was again a verdict and judgment for the defendant and this is likewise before us for review. Judge Campbell has already made a comprehensive and accurate statement of the facts. 148 Va. 416-418, 139 S. E. 254. It is completely supported by the record and will not be recopied.

██ Complaint is made of the fact, that "the court erred in refusing to permit counsel to argue to the jury that all of the correspondence and the contract itself, aside from the letter of October 12, 1923, constituted a refusal to accept the lumber in question."

When a letter of questionable import is relied upon to establish some definite proposition it is often necessary to examine all of the related correspondence in any attempt to determine just what was meant, *Fulton* v. *Lumber Co.*, 152 Va. 666, 148 S. E. 576, but that principle has no application in the instant case. There is nothing whatever in anything written before the letter of October 12, 1923, or since which indicates a purpose to repudiate the purchase. Of course, no such purpose appears in the contract itself.

This assignment is without merit.

■ C. C. Lincoln, testifying for the defendant, said that the letter of October 12th was not intended as a refusal to accept the lumber and that it would have been accepted if shipped. He further stated that his plant was not completed and ready for work until January 24, 1924, at which time he notified the vendor that shipment might then be made.

Exception was taken to the admission of this evidence. A like exception was taken to like testimony at the first trial. It was then passed upon and over-ruled on appeal. So established its competency is a part of the law of the case and cannot now be questioned. *Peterson* v. *Haynes*, 145 Va. 653, 134 S. E. 675.

■■ We come next to consider the letter of October 12, 1923. Upon its proper construction this case turns. The trial court held, as a matter of law, that it did not repudiate the contract. If this be true plaintiff has no case. The lumber was to be delivered at Bristol. That was not done, but as a reason therefor it is said that the furniture company had indicated that it would not be received.

The contract for April provided in terms for delayed delivery. Defendant's factory had not been completed and this was known to the vendor. During June unexpected difficulties developed there. They were set out in the letter of June 23rd, where defendant asked that the order be cancelled or that the delivery be postponed until October. In reply to this plaintiff did agree to withhold deliveries until that month. Early in October defendant wrote to Mr. Sexton, the salesman from whom the purchase was actually made, setting out the fact that the factory was still far from finished, and asked that the order be cancelled.

Mr. Sexton sent that letter to the plaintiff together

with a clipping from a Knoxville newspaper where it was said that the factory was practically completed and would go into commission in November. Immediately upon its receipt plaintiff wrote to the defendant calling its attention to this statement and plainly intimated that the delay was not due to factory construction but to a decline in the market price of lumber. Cancellation was refused and defendant was told that unless the lumber was accepted in accordance with the contract terms it would be resold at the purchaser's risk and cost.

All that had been said about difficulties encountered in building the factory was true. Defendant was irritated by this unwarranted imputation of bad faith and wrote the letter of October 12th. That charge was denied and it closes with this statement: "We expect to purchase several million feet of gum per year for our plants at Marion and Bristol, and in case you see fit to act as suggested by you, just go to it; you of course have the right to do as you please, but if anything is ever made out of such stuff as this we have never known it."

Thereupon without further notice this lumber was resold at a loss of $850.00 and it is that sum which the plaintiff now seeks to recover.

Nothing which went before the letter of October 12th indicated any intention to repudiate the purchase. The letter to Sexton, written early in October, in itself was an acknowledgment that the contract stood. That of the 12th is not a model of courtesy but in substance said nothing more than that the plaintiff might sue if so advised. Plaintiff took it to mean that a shipment if made would be refused. This was an unwarranted assumption.

We do not mean to say that all of this is perfectly

plain, but we do think that it is a fair conclusion. It was the judgment of the open minded and able judge who presided at the trial below. That judgment must stand unless error is affirmatively shown. This has not been done.

It follows from what has been said that errors in instructions even if made are unimportant. No other judgment was possible, for as a prerequisite to the right to sue there must have been some repudiation of the contract.

The judgment of the trial court is affirmed.

*Affirmed.*