WILLIAM N. DOTSON, ET AL.

V.

BILL R. HARMAN, ET AL.

Record No. 831723

November 26, 1986

Present: All the Justices

*Michael R. Munsey (Charles E. Schelin; Browning, Morefield and Schelin, P.C.*, on brief), for appellants.
*Randall B. Campbell* for appellees, Bill R. Harman and Dorothy W. Harman.
No brief or argument for appellee, Board of Supervisors of Russell County.

RUSSELL, J., delivered the opinion of the Court.

The sole question in this appeal is whether the trial court correctly applied the doctrine of *res judicata.* We conclude that the doctrine was inapplicable and that the court erred in applying it.

In 1973, Bill R. Harman and Dorothy Woosley Harman, his wife, were the owners of a tract of land in Russell County described as Block C of the Russell County Poor Farm subdivision. The Harmans caused Block C, together with additional parts of the Poor Farm Subdivision, to be resubdivided by recording, on April 26, 1973, a subdivision deed and plat creating the "Harman Subdivision." The plat depicted a series of lots laid out along a street, 50 feet wide, named "Woosley Street," which is the subject of this controversy. The lots in Block C bore the same numbers in the Harman Subdivision as they had borne in the earlier Poor Farm Subdivision.

In 1977, the Harmans conveyed lots 9 and 10, Block C, to parties named Herron. The deed made reference to the recorded plat of the Harman Subdivision. In 1978, the Herrons conveyed lots 9 and 10 to William N. Dotson and Niata Jo Dotson, his wife. Also in 1978, the Harmans conveyed lots 13 and 14, Block C, to Marie P. Herndon, a widow. That deed, too, made reference to the Harman Subdivision plat. In 1981, Mrs. Herndon conveyed lots 13 and 14 to Clyde R. Gibson.

On February 2, 1981, a member of the Russell County Board of Supervisors made a motion upon the Harmans' request for vacation of the Harman Subdivision. The motion recited: "Whereas, there have been no lots sold in the Subdivision known as 'Harman's Subdivision . . . .' " The motion was carried by unani-

mous vote of the members present. The County Administrator, on February 6, 1981, executed a "Consent to Vacate Plat of Harman Subdivision." It recited that "said vacation . . . shall divest all public rights in Woosley Street and shall reinvest the owners of the Subdivision, Bill R. Harman and Dorothy Woosley Harman, with the title to Woosley Street and said subdivision." On the same day, the Harmans recorded a deed of vacation, purporting to vacate the subdivision including the street, in which they recited that no lots had been sold in the Harman Subdivision.

In 1982, Donald R. Wyrick and Linda R. Wyrick filed a bill of complaint in the court below against the Harmans and the board of supervisors (*Wyrick* v. *Harman*), alleging that the Harmans had obtained the vacation of Woosley Street by making false and fraudulent representations that no lots had been sold and that the Harmans were obstructing Woosley Street. They prayed for an injunction and damages. On October 20, 1982, the court entered a final decree finding that the action of the board of supervisors in vacating the subdivision and Woosley Street was "lawful and proper" and dismissing the Wyricks' bill. Counsel for the board of supervisors, as well as counsel for the Wyricks, endorsed the order "SEEN AND OBJECTED TO," but apparently no appeal was taken.

In May 1983, the Dotsons and Gibson (collectively, the lot owners), who had not been parties to *Wyrick* v. *Harman*, filed this suit against the Harmans and the board of supervisors. Their allegations were similar to those made by the Wyricks in their unsuccessful suit the preceding year. The Harmans filed a plea of *res judicata* in which they asserted that all matters raised in this suit had been decided in the earlier suit of *Wyrick* v. *Harman*, "to which the current defendants were all made a party," that the board of supervisors had been sued in its representative capacity, and that "the public is bound by the determinations made in the original action." The court sustained the plea of *res judicata* and dismissed the bill of complaint. Again, counsel for the board of supervisors objected to the ruling. We granted the lot owners an appeal.

■ One of the fundamental prerequisites to the application of the doctrine of *res judicata* is that there must be an identity of parties between the present suit and the prior litigation asserted as a bar. A party to the present suit, to be barred by the doctrine, must have been a party to the prior litigation, or represented by

another so identified in interest with him that he represents the same legal right. *Mowry* v. *City of Virginia Beach*, 198 Va. 205, 211, 93 S.E.2d 323, 327 (1956). In *Bates* v. *Devers*, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-921 (1974), we drew the lines of distinction between the four preclusionary effects embraced by the doctrine of *res judicata*: (1) *res judicata-bar*, (2) merger, (3) direct estoppel, and (4) collateral estoppel. None of them is available to bar a claim asserted by a person who was a stranger to the prior litigation. *Id.*; *see also Wright* v. *Castles*, 232 Va. 218, 349 S.E.2d 125 (1986); *Greene* v. *Warrenton Credit Assoc.*, 223 Va. 462, 291 S.E.2d 209 (1982).

██ The trial court evidently adopted the Harmans' view that the lot owners' rights were co-extensive with the rights of the general public in Woosley Street, that the board of supervisors had represented the general public in the prior litigation, and that the court's determination in *Wyrick* v. *Harman* bound the lot owners as members of the general public. That analysis might have merit if the lot owners in the present case asserted rights in the street only as members of the general public. But it overlooks the fact that they assert private rights, superior to any rights the general public might have had prior to the vacation of the street, which are appurtenant to the ownership of their respective lots. *See Burks Brothers of Virginia, Inc.* v. *Jones*, 232 Va. 238, 247, 349 S.E.2d 134, 140 (1986) (private rights in road survive public rights extinguished by vacation).

██ When lots are sold by reference to a recorded subdivision plat which depicts dedicated streets and alleys, the purchasers of such lots, and those claiming under them, acquire vested easements, appurtenant to their lots, in all streets and alleys designated on the plat, whether or not their lots abut such streets. *Sipe* v. *Alley*, 117 Va. 819, 823, 86 S.E. 122, 123 (1915). The allegations in the lot owners' bill of complaint make out a case for rights of this kind in Woosley Street, notwithstanding any vacation of public rights therein. Accordingly, the board of supervisors as a party in the prior litigation of *Wyrick* v. *Harman* was not "so identified in interest" with the present lot owners to have previously represented the same legal right. *Mowry*, 198 Va. at 211, 93 S.E.2d at 327.

Because the court erred in sustaining the plea of *res judicata*, we will reverse the decree and remand the cause for reinstatement

on the docket of the court below and for further proceedings consistent with this opinion.

*Reversed and remanded.*