## Richmond

## HAROLD G. PIERCE, ET AL.

### V.

## MARSHALL E. PLOGGER

January 22, 1982.

Record No. 790993.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*Thomas C. Spencer (Spencer, Crawford & Osborne,* on brief), for appellants.
*W. T. Robey, III,* for appellee.

THOMPSON, J., delivered the opinion of the Court.

Harold G. Pierce and Betty R. Pierce filed a civil warrant in debt against Marshall E. Plogger in the General District Court seeking damages in the amount of $4,500 for breach of warranty. The district court judge awarded Pierce a judgment in the amount of $3,385.50, which Plogger appealed to the Circuit Court. A jury heard the case and returned a verdict for Plogger, and the trial court entered judgment upon that verdict. Pierce appeals, alleging that the trial court erred in (1) preventing him from proving an oral warranty in addition to a written warranty; (2) granting instructions B, C, E, and G; and (3) not ruling as a matter of law that consideration for the written warranty had been proved.

The evidence reveals that Plogger, a builder-developer in Rockbridge County, owned a house in the Red Hill Manor subdivision. Pierce inspected the house and on July 12, 1975, entered into a written contract to purchase it for $63,000. The contract set the closing on or before July 25, 1975. Prior to closing, Pierce discovered that the basement of the house leaked badly and that the air conditioning system did not function properly. Pierce notified the realtor who contacted Plogger. Pierce refused to close until after Plogger had executed a written warranty covering the leaking basement and malfunctioning air conditioner, and according to Pierce, had given him a one-year oral warranty covering unknown defects in the entire house.

Plogger corrected the air conditioning system and contracted with Acme Weatherproofing Company to stop the leakage in the basement. The leakage continued, however, and Pierce refused to consider the contract to remedy the leak as satisfaction of the warranty and demanded further action. Subsequently, during the three months after the closing, Pierce detected movement in one of the walls of the foundation against which dirt had been piled to level the front yard. Pierce consulted an architect who inspected the wall and reported that it was defective because it lacked support sufficient for its length and that, unless certain work was undertaken to reinforce the wall, it might cave in. Plogger received a copy of the architect's report but refused to take any action to correct the defects. In March, 1976, Pierce consulted with a contractor to correct the defects, had the work done and paid the contractor the sum of $3,385.50. Plogger refused to reimburse Pierce. Pierce testified that the repair work fortified the house's weakened structural support but did not correct the leakage. The architect corroborated Pierce's testimony.

Plogger denied giving Pierce an oral warranty and claimed that Pierce knew of the crack in the basement wall but never complained. Plogger stated that the crack never changed and that he would have installed "L" walls for $200 to $300 had Pierce allowed him.

## I.  *Admissibility of Oral Warranty.*

At the time of closing, Plogger executed a written warranty as to the basement and air conditioner.[1] At the same time, Pierce contends there was an oral warranty for a period of one year for all other unknown defects in the house. The lower court held that the oral warranty violated the parol evidence rule and was therefore inadmissible. We disagree.

The contract of sale was executed July 12, 1975, and the transaction was closed on July 25, 1975, after Plogger agreed that he would orally warrant the house against any defects in materials for a period of one year and gave the written express warranty. Prior to consummating the closing, the parties agreed that the warranty would be given, but that it would not be delivered to Pierce until Pierce had accepted the deed. This was done, and Pierce complied with all of the terms of the contract of purchase.

In *High Knob, Inc.* v. *Allen,* 205 Va. 503, 506-07, 138 S.E.2d 49, 51 (1964), we said:

> Under [the collateral contract] doctrine the parol evidence rule does not exclude parol proof of a prior or contemporaneous oral agreement that is independent of, collateral to and not inconsistent with the written contract, and which would not ordinarily be expected to be embodied in the writing. [Citations omitted.]

We therefore hold in the case at bar that the lower court erred in ruling that the oral warranty could not be proved.

---

[1] The warranty executed by Plogger states:
FOR VALUE RECEIVED, I hereby warrant the basement in the home on Lot 2, Red Hill Manor, Unit 2, sold by me to Mr. and Mrs. Harold G. Pierce, to be free of defects in workmanship and materials and promise to take such measures immediately to correct water leakage so that the basement will not leak as the result of normal precipitation experienced in the geographical area. Also, the air conditioner will be corrected to acceptable cooling performance.

## II. *Instructions.*

Pierce argues that the lower court erred in granting Instructions B and C to guide the jury in determining whether the warranty was supported by a valuable consideration.[2] Pierce further contends that the existence of consideration was a question for the court to decide and should not have been submitted to the jury at all. We agree.

In *Main-Atlantic Corporation* v. *duPont & Co.,* 213 Va. 180, 184, 191 S.E.2d 211, 215 (1972), we said: "Where a written agreement, whether it is contained in a single document or evidenced by several writings, is clear and unambiguous it is the duty of the court to determine whether a contract exists." Earlier, in *Saunders* v. *Ocean Park Corp.,* 140 Va. 759, 762, 125 S.E. 685, 686 (1924), we said: "[C]ourts have always construed contracts in writing and determined their legal effect, unless there was something in the particular contract to take it out of the general rule."

We hold that whether there was legal consideration for the written warranty in this case was a question of law for the court to decide.

The evidence reveals that, before contracting with Plogger, Pierce inspected the basement during a dry period. After signing the contract, but before closing, he discovered a cracked basement wall and a severe leakage. Plogger agreed, but failed, to correct the defects before closing. On condition that Plogger give the express oral and written warranties, Pierce agreed to close and not pursue his remedy in rescission. Pierce's agreement to forego suit constitutes valuable consideration for the warranties.

---

[2] Instruction B states:

A valid contract or commitment can not be established unless it is based upon valuable consideration. That is to say, there must be some benefit to the promisor (Plogger) or detriment to the promisee (Pierce). The mere fact that a promisee carries through upon an obligation which he has already obligated to carry through does not constitute valuable consideration.

Therefore, if you fail to find that Pierce gave up something of value to Plogger which he was not already obligated to give up, then there was no consideration for the alleged warranty and you shall find your verdict in favor of Plogger.
Instruction C states:

The Court instructs the jury that if you believe from the evidence that at the time the transaction was to be closed between Pierce and Plogger it was the legal obligation of Pierce to close the transaction, his agreement to do so can not constitute valuable consideration as referred to in other Instructions of the Court.

In *Hooff* v. *Paine,* 172 Va. 481, 485, 2 S.E.2d 313, 314 (1939), we said: "The law is well settled that forbearance . . . to prosecute a well-founded or doubtful claim is a sufficient consideration for a contract. On the other hand, the forbearance to prosecute an invalid, worthless or unfounded claim is not a consideration recognized by the law as valuable." We reaffirmed our prior comments on consideration in *Dulany Foods, Inc.* v. *Ayers,* 220 Va. 502, 511, 260 S.E.2d 196, 202 (1979), where we said:

Concerning adequacy of consideration, it was held in *Brewer* v. *Bank of Danville,* 202 Va. 807, 815, 120 S.E.2d 273, 279 (1961):

Consideration is, in effect, the price bargained.for and paid for a promise. It may be in the form of a benefit to the party promising or a detriment to the party to whom the promise is made. It matters not to what extent the promisor is benefited or how little the promisee may give for the promise. A very slight advantage to the one party or a trifling inconvenience to the other is generally held sufficient to support the promise.

Even if Pierce's right to rescind is doubtful, we hold that as a matter of law the forbearance of Pierce to pursue legal action prior to settlement was a sufficient consideration for the written warranty.

We do not believe Instructions E and G should have been given.[3] There was no evidence to indicate that Pierce was guilty of active and unreasonable enhancement of the damages. Pierce consulted an architect and followed his advice under the

---

[3] Instruction E states:

The Court instructs the Jury that it is the duty of one who claims to have suffered damages by way of a breach of contract to use reasonable care and diligence to avoid loss and to minimize or lessen the resulting damage, if any.

A Plaintiff cannot recover for damages which are the result of his active and unreasonable enhancement thereof or which are due to his failure to exercise such care and diligence as required.

Instruction G states:

The Court instructs the jury that if you believe from the evidence that Pierce was furnished the service agreement by Plogger with Acme Weatherproofing Company with an intent to comply with the alleged warranty and if you further believe that Pierce accepted the agreement in satisfaction of the alleged warranty then you shall find your verdict in favor of Plogger and against Pierce.

circumstances. Instruction G was likewise not supported by the evidence. Under examination, Pierce testified that he had signed a written document presented by Acme Weatherproofing Company with the understanding that "as the owner of the house I was authorizing the work to be done . . . and was accepting this as an attempt [by Plogger] to comply with the warranty." He also stated that the work done by Acme had only aggravated the problem. In the face of this evidence, it was improper to allow the jury to conclude that Pierce signed the written document from Acme in satisfaction of the alleged warranty.

To summarize, we hold that the testimony concerning the alleged oral warranty would not have violated the parol evidence rule and insasmuch as Plogger denied giving oral warranty, that factual issue should be resolved; the issue whether the written warranty was supported by a valuable consideration is a question of law, and we hold, under the evidence in this record, the written warranty was supported by valuable consideration; and finally, we hold that the lower court erred in granting Instructions B, C, E, and G. We therefore reverse the judgment of the lower court and remand the case for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*