## CIRCUIT COURT OF FREDERICK COUNTY

D & M Plumbing & Heating, Inc.

v.

Interstate Properties
Limited Partnership et al.

August 5, 1986

Case No. (Law) 4385

By JUDGE HENRY H. WHITING

In this case a plumbing contractor seeks to recover as an extra charge his cost of materials used in the installation of a gas hot water heating system installed in a motel owned by the defendant partnership.

The subcontractor contends that the plans he bid on contained no specifications for the hot water heating system and his bid included only the necessary labor but not the materials for the system since the owner had not yet decided what kind of a hot water heating system would be installed at the time the contractor made his bid. The contractor emphatically denies having received a copy of the amended plans, which did show the kind of hot water heating system and has introduced evidence which would indicate that he may not have received these plans until after the bid was made, although the owner has substantial evidence that he did include both labor and materials for the hot water heating system in his bid.

The contract between the parties is embodied in a proposal prepared by the subcontractor dated June 10, 1983, in which he agreed to "furnish material and labor -- complete in accordance with the above specifications for the sum of $149,182.00." The typed portion of the contract also provided that he would "furnish all material

except what is not included below," listing eleven items not included, none of which described the materials for the hot water heating system. (Defendant's Exhibit No. 1.) The plaintiff furnished his handwritten draft upon which this typed contract was based and it contained an exclusion of "hot water heater's stack." The typed contract showed an exclusion of "hot water heater stack." That draft also contained an eleventh exclusion of "hot water," which was lined out, and the eleventh exclusion on the contract was stated to be "welding on the standpipes on the sprinkler system." The Court inquired of counsel for the plaintiff whether he contended that the failure to exclude the hot water heating system materials was a mutual mistake of fact, and he said he did not so contend but that the parties had a separate contract having to do with the materials for the hot water heating system. If there was a mutual mistake in the contract, the burden would have been on the plumbing subcontractor to establish it by "clear, cogent and satisfactory evidence, leaving little if any doubt of the mistake" that both parties intended something other than what was expressed in writing in the contract. *Gibbs* v. *Price*, 207 Va. 448 (1966); see *Pleasants* v. *Pleasants*, 221 Va. 1017 (1981); 13 *Williston on Contract* (3d ed.), page 106, *et seq.*

The Court could not have reformed this contract for a number of reasons:

(1) Plaintiff has not pled mutual mistake or asked to amend. The defendant is entitled to try the case based on the pleadings filed. *Berry* v. *Klinger*, 225 Va. 201, 207 (1983).

(2) Even if the pleadings were amended reformation could only be had by a suit in equity and not in an action at law.

(3) The evidence adduced to show the mistake by the plaintiff's wife in transcribing his written notes to the typed contract is not sufficiently "clear, cogent and satisfactory, leaving little if any doubt of the mistake."

Neither does the plaintiff claim that the contract is ambiguous either in its pleadings or in its argument at trial and therefore that position cannot be asserted now and, in fairness to the plaintiff, is not asserted. *Berry*, at 207.

The claim is that there were *two* contracts, first, a contract to do the bulk of the plumbing work, including

the labor for installing the hot water system, and, secondly, a separate contract to furnish materials only for the installation of a hot water heating system.

This claim is one, which is described as an exception to the parol evidence rule known as the "collateral contract doctrine" in *Shevel's, Inc.* v. *Southeastern Associates*, 228 Va. 175, 183 (1984). In that case, despite an integration clause a tenant was permitted to show a contemporaneous collateral agreement modifying the terms of his rental payment as a factual issue, but the Court said: "The burden on a party seeking to impeach an instrument he has approved by his signature is a heavy one, *see Gibbs* v. *Price*" (cited earlier in this opinion). *Ibid.* An earlier expression of that rule is found in *High Knob, Inc.* v. *Allen*, 205 Va. 503, 506 (1964), where the Court said this doctrine "does not exclude parol proof of a prior or contemporaneous oral agreement that is independent of, collateral to and not inconsistent with the written contract, and which would not ordinarily expected to be embodied in the writing." In *High Knob* the deed and contract between a developer and one of the lot purchasers contained a number of restrictions precluding a lot purchaser from extracting water from his lot but made no reference as to how the lot owner would obtain water for the lots, which were shown to be in the country and away from central water supplies. As the Court said, these covenants "indicate that since the [lot owners] were unable to take water from the ground there must of necessity have been some independent, collateral agreement for obtaining water." *Id.* at 507. In *Pierce* v. *Plogger*, 223 Va. 116 (1982), a property owner was permitted to show a collateral oral warranty by the builder-developer warranting the property against any defects in materials for a period of one year even though there was an express written warranty covering other subjects. The Court indicated that the oral warranty was given contemporaneously with the written warranty covering two specific malfunctioning parts of the house and impliedly held that the oral warranty covering the unknown defects was independent of, collateral to and not inconsistent with the written contract and would not ordinarily be expected to be embodied in the written warranty in its quotation from the quoted language cited earlier from the *High Knob* case. *Id.* at 119.

I find that the plaintiff cannot recover in this case for two reasons:

(1) I do not believe a contract for materials only would be collateral to, independent of or not inconsistent with a written agreement to furnish all other aspects of the plumbing in this installation, including the labor for that plumbing.

(2) Even if a fact finder could conclude that the oral agreement was independent of, collateral and not inconsistent with the written contract I do not believe the plaintiff has borne his burden of proving that contract, especially considering the written bid he made and the background and circumstances of this case.

Some of the inconsistent circumstances are noted below.

(1) His proposal clearly did not exclude the materials. He specifically listed those things which were excluded but did not exclude these particular items. It seems strange that he would be so careful to exclude some items from the scope of the contract and not these particular items. He argues that the failure to exclude was a stenographic error in transcription yet he never sought to establish mutual mistake or to have the contract reformed.

(2) The evidence is in equipoise as to whether this exclusion was discussed. Some of the evidence from the plaintiff would indicate that the defendants had altered their records to give a consistent position but this is vehemently denied by them in the testimony. Other inconsistencies are noted and denied in various conversations of the parties.

The plaintiff has the risk of non-persuasion and in my opinion has failed to establish the collateral oral contract by the required degree of proof.