## MATCIRCUIT COURT OF FAIRFAX COUNTY

Lucy Mae Bowen

v.

Kenneth J. Robson and Rafic Y. Omran

January 26, 1993

Case No. (Law) 114896

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This case is before the Court on the Motion for Summary Judgment filed by the plaintiff. For the reasons set forth below, the motion is denied.

The events giving rise to this litigation are given in the parties' pleadings and memoranda. The plaintiff Lucy Mae Bowen sold real property located at 3400 Nevius Street, Falls Church, Virginia, to the defendant Kenneth J. Robson. In exchange for the property, defendant Rafic Y. Omran and Robson executed a note showing indebtedness to Bowen of $60,000.

The plaintiff alleges in her motion for judgment that the defendants have failed to pay the remaining $50,029.73 owed in principle on the note. The defendants allege that they purchased the property with the intent of subdividing it, that the plaintiff agreed to cooperate with subdivision of the property, and that the plaintiff has now refused to cooperate. The plaintiff's assurances to cooperate with subdivision, however, were not made a part of the parties' written contract signed on November 15, 1988.

The Court has before it today the plaintiff's motion for summary judgment. The plaintiff argues that the defendants admit making only 37 payments on the note and that any evidence of Bowen's assurance to cooperate is barred by the statute of frauds, the parol evidence rule, and the integration clause of the sales contract. The defendants argue

that the statute of frauds is inapplicable and that evidence of the plaintiff's agreement to cooperate is admissible as an exception to the parol evidence rule.

The first issue to be addressed is the whether the evidence of the plaintiff's agreement to cooperate is admissible as part of the consideration and inducement for the purchase of the property. The Virginia Supreme Court in *Shevel's, Inc. v. Southeastern Assoc.*, 228 Va. 175, 320 S.E.2d 339 (1984), examined the question of whether an oral agreement, not expressed in the parties' contemporaneous or subsequent writing, was admissible as an exception to the parol evidence rule. The Supreme Court admitted the oral agreement into evidence under the collateral contract doctrine, which the Court described as one of the well-recognized exceptions to the parol evidence rule. Citing *Pierce v. Plogger*, 223 Va. 116, 286 S.E.2d 207 (1982), and *High Knob, Inc. v. Allen*, 205 Va. 503, 138 S.E.2d 49 (1964), the Supreme Court acknowledged that "the parol evidence rule does not exclude parol proof of a prior or contemporaneous oral agreement that is independent of, collateral to and not inconsistent with the written contract, and which would not ordinarily be expected to be embodied in the writing." *Shevel's* at 183.

The question before the Court here is whether the plaintiff's oral promise as alleged by the defendants was a prior or contemporaneous oral agreement independent of, collateral to, and not inconsistent with the parties' writing, and which would not ordinarily be expected to be embodied in the writing. The Court finds that for the purpose of this motion for summary judgment, the oral agreement alleged by the defendants satisfies these characteristics of a collateral contract. The oral agreement for cooperation with subdivision of the property is independent of, collateral to, and not inconsistent with the parties' written agreement of November 15, 1988.

The final element of a collateral contract, whether an oral promise would not ordinarily be expected to be embodied in a writing, was addressed by the Supreme Court only briefly in *High Knob, Inc., v. Allen*, 205 Va. 503, 138 S.E.2d 49 (1964). In *High Knob*, the Court found that an oral agreement as to water access would not ordinarily be expected to be included in a written contract for the sale of residential real estate.

Without additional evidence to determine whether an agreement to cooperate with subdivision of property is ordinarily included in a sales

agreement for that property, this Court cannot determine whether this last characteristic of a collateral contract is satisfied. However, for the purposes of summary judgment, the Court cannot find as a matter of law that such an agreement would commonly be made part of a written sales contract. Therefore, this question creates an issue precluding summary judgment.

The Court must next address whether the integration clause given in the contract obliges the Court, upon a motion for summary judgment, to exclude evidence of the plaintiff's alleged oral assurances of cooperation with subdivision of the property. The Virginia Supreme Court considered this question as well in *Shevel's*, supra. The Supreme Court recognized that when a party pleaded an affirmative defense such as the existence of a collateral contract, the integration clause given in the parties' written agreement was not a bar to the admission of parol evidence to prove the collateral contract. The Court acknowledged, however, that the party seeking to disprove the integration clause accepted the heavy burden of persuading the Court that the writing did not contain the entire agreement of the parties. *Shevel's* at 183.

The final matter to be considered is whether the statute of frauds bars evidence of the plaintiff's agreement to cooperate. If the statute of frauds is a bar to the evidence outside the written contract as the plaintiff contends, then the statute of frauds must be interpreted as directing not only that contracts of a certain type must be written to be enforced, but also that the written contract terms are the only terms to be enforced.

Virginia case law indicates, however, that where the statute of frauds applies to require written evidence of an agreement, the writing itself need not constitute a contract. The essential elements of the contract, rather than the entire contact, must be in writing. *Fanney v. Virginia Inv. & Mtg. Corp.*, 200 Va. 642, 107 S.E.2d 414 (1959); *Reynolds v. Dixon*, 187 Va. 101, 46 S.E.2d 6 (1948). Under this principle, an enforceable contract may consist of written and non-written terms without violating the statute of frauds.