# CIRCUIT COURT OF THE CITY OF NORFOLK

BWT Management, Inc., etc.

> v.

Russell Gayle, Jr., etc.

July 20, 1999

Case No. (Law) L99-395

### BY JUDGE JOSEPH A. LEAFE

In its Motion for Judgment, Plaintiff BWT Management, Inc. ("BWT") seeks damages for breach of a written contract attached to the Motion for Judgment.

Defendant Gayle demurred to the Motion for Judgment on the ground that the contract "is void and unenforceable as it is not supported by, nor does it show on its face, valid consideration. Further the document was signed under duress by the defendant and is void."

As an initial matter, this Court will not consider the proffer of the Defendant that the document was signed under duress. The Supreme Court of Virginia has consistently held that in ruling on a demurrer, the trial court may not consider anything beyond the facts alleged in the Motion for Judgment:

> A demurrer, of course, tests the legal sufficiency of the motion for judgment. Thus, the trial court, and this Court upon review, are confined to the facts alleged when analyzing the pleading; *no consideration properly can be given to additional facts that may be asserted on brief* or during oral argument.

*Elliott v. Shore Stop, Inc.*, 238 Va. 237, 239-40, 384 S.E.2d 752, 753 (1989) (emphasis added). Duress may be a defense, but it is not part of the Motion for Judgment and cannot be a basis for the demurrer.

The second question is whether the Motion for Judgment will fail for lack of consideration. This Court notes that both sides have agreed in their briefs that this Court may consider parol evidence on the question of consideration for a written contract. As the Supreme Court stated in *Pierce v. Plogger*:

> Under [the collateral contract] doctrine the parol evidence rule does not exclude parol proof of a prior or contemporaneous oral agreement that is independent of, collateral to and not inconsistent with the written contract, and which would not ordinarily be expected to be embodied in the writing.

*Pierce v. Plogger*, 223 Va. 116, 119, 286 S.E.2d 207, 209 (1982) (citing *High Knob, Inc. v. Allen*, 205 Va. 503, 506-07, 138 S.E.2d 49, 51 (1964)). In *Pierce*, the buyer, Pierce, detected a leak in the basement. In exchange for Pierce's not pursuing his remedy in rescission, the seller, Plogger, agreed to provide a written warranty and an oral warranty. The Supreme Court said the trial court erred by failing to admit parol evidence of the contemporaneous oral contract.

Thus this Court is permitted to look at the allegations of contemporaneous oral agreement in the Motion for Judgment in ruling on this demurrer.

As Justice Russell observed in *Pierce*, "We hold that whether there was legal consideration for the written warranty in this case was a question of law for the court to decide." *See also, W. J. Schafer Assocs. v. Cordant, Inc.*, 254 Va. 514, 519, 493 S.E.2d 512, 515 (1997): "When a written agreement is clear and unambiguous, it is the duty of a court, not a jury, to determine whether an enforceable contract exists ... . Therefore, *whether the Teaming Agreement contains the requisites of an enforceable contract is a matter of law*." (citation to *Pierce* omitted) (emphasis added).

Therefore, this Court must decide as a matter of law whether legal consideration existed. If there was no consideration then the demurrer will succeed.

Both sides also seem to agree that there was an oral agreement not to pursue a claim, and the two sides only disagree on what the terms of that agreement were.

"The law is well settled that forbearance ... to prosecute a well-founded or doubtful claim is a sufficient consideration for a contract." *Hooff v. Paine*, 172 Va. 481, 485, 2 S.E.2d 313, 314 (1939). The Defendant contends, "This alleged promise to forbear is not adequate as a matter of law because a forbearance only for the immediate future is not reasonable." (Def. Gayle's Br. in Support of Dem. at p. 4.)

In *Good v. Dyer*, 137 Va. 114, 135, 119 S.E. 277 (1923), the Supreme Court observed:

> It is sufficient that the consideration is of some value, and *the law will not enter into an inquiry as to the adequacy of the consideration for a promise*, but will leave the parties to be the sole judges of the benefits to be derived therefrom, unless the inadequacy of the consideration is so gross as of itself to prove fraud or imposition … .
> Any act done by the promisee at the request of the promisor, however trifling the loss to himself or the benefit to the promisor, is a sufficient consideration for a promise made without fraud and with full knowledge of all the circumstances.

*Id*. at 135 (emphasis added). This Court sees no fraud or imposition stated in the Motion for Judgment and thus finds that there existed legal consideration for the written promise attached to the Motion for Judgment.

The Supreme Court affirmed *Pierce* a year later in *Veilleux v. Merrill Lynch Relocation Management, Inc.*, 226 Va. 440, 309 S.E.2d 595 (1983). There, the Court used even stronger language in suggesting that contemporaneous conduct could be indicative of a parol agreement even if the words were not explicitly stated: "She did not say the words 'I refuse to close until you promise to fix the basement.' But her actions establish that refusal. Only after she received the promise did she sign the settlement papers." *Id*. at 445.

The Supreme Court's ruling in *Greenwood Assocs. v. Crestar Bank*, 248 Va. 265, 448 S.E.2d 399 (1984), can be readily distinguished. "In the present case, nowhere has the plaintiff alleged that Crestar made the alleged 'assurances' not to 'double profit' on the resale of the property in exchange for the plaintiff's promise to forebear from exercising legal rights." *Id*. at 269. In the case before this Court, BWT has specifically alleged the terms of an oral agreement. For purposes of the demurrer, this Court must assume that the allegations in paragraph 20 of the Motion for Judgment are true.

Therefore, this Court finds that there existed legal consideration for Defendant Gayle's written promise, and the Court overrules the demurrer.