# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1865

_____

Suburban Leisure Center, Inc.,     *
                               *

           Appellee,     *

                               *    Appeal from the United States
    v.                         *    District Court for the Eastern
                               *    District of Missouri.

AMF Bowling Products, Inc.;     *
AMF Billiards & Games, LLC,     *

                               *

           Appellants.     *

_____

Submitted: October 20, 2006
Filed: November 17, 2006

_____

Before MELLOY, BENTON and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

AMF Bowling Products, Inc. and AMF Billiards & Games LLC (collectively "AMF") appeals from an order of the district court[1] denying its motion to dismiss or in the alternative to compel arbitration and stay proceedings with regard to claims brought by Suburban Leisure Center, Inc. ("Suburban") after AMF terminated its oral franchise agreement with Suburban. We possess jurisdiction of this appeal pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a)(1)(C), providing that "[a]n

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

appeal may be taken from . . . an order . . . denying an application . . . to compel arbitration . . . ." For the reasons discussed below, we affirm.

I.

For the purpose of ruling on AMF's motion to dismiss or in the alternative to compel arbitration, the district court assumed the truth of the allegations in Suburban's complaint. With the limited purpose of reviewing the district court's ruling, we, too, view Suburban's allegations as true. See Palcko v. Airborne Express, Inc., 372 F.3d 588, 597 (3d Cir. 2004) (stating that a motion to compel arbitration is generally treated as a motion to dismiss for failure to state a claim upon which relief can be granted); cf. Manion v. Nagin, 394 F.3d 1062, 1065 (8th Cir. 2005) (viewing factual allegations as true for purposes of motion to dismiss). Accordingly, the following facts are undisputed for purposes of this appeal. Suburban distributes indoor and outdoor lawn and leisure equipment, and AMF manufactures pool tables and pool table accessories. The parties entered into an oral franchise agreement, whereby they agreed that Suburban would have the right use the AMF trade name, trademark, or service mark in order to sell AMF's line of pool tables and related accessories from Suburban's stores located in the St. Louis, Missouri region. Subsequently, the parties executed a written E-Commerce Dealer Agreement ("e-commerce agreement"), in which Suburban agreed to provide delivery and installation of AMF's products sold by AMF via its website to customers in Suburban's specified areas.

With regard to the e-commerce agreement, Section 14 provides that "[t]he determination of any dispute or claim arising under the Agreement or any invoice or agreement executed pursuant to this Agreement will be settled by binding arbitration in Richmond, Virginia." Further, Section 15 states that the e-commerce "[a]greement constitutes the entire agreement between the parties and supercedes all prior agreement[s], oral and written." Finally, Section 15 goes on to state that the e-

commerce agreement "will be construed in accordance with the laws of Virginia without regard to their conflict of laws provisions."

On August 25, 2005, AMF sent a termination letter stating that Suburban would be "required to cease promoting" AMF's line of pool tables and accessories within sixty days. The letter made no mention of the e-commerce agreement. Suburban filed suit in Missouri state court alleging that it was entitled to damages from the cancellation of the oral franchise agreement without the requisite notice pursuant to Missouri Revised Statute section 407.405 as well as recoupment for improvements it had made to its stores in reliance on the oral franchise agreement. See Mo. Ann. Stat. § 407.405 (West 2001). Pursuant to 28 U.S.C. § 1441, AMF removed the matter to federal court. Upon removal, AMF filed a motion to dismiss or in the alternative to compel arbitration and stay proceedings pursuant to the FAA, 9 U.S.C. § 3. Because the district court found that the e-commerce agreement did not address Suburban's ability to promote or sell AMF's products, it concluded that Suburban's underlying claims did not arise under the e-commerce agreement. Accordingly, the district court denied AMF's motion to compel arbitration of the dispute. AMF appeals the district court's order.

II.

We review *de novo* the district court's denial of a motion to compel arbitration based on contract interpretation. Nitro Distrib., Inc. v. Alticor, Inc., 453 F.3d 995, 998 (8th Cir. 2006). As both Missouri and Virginia recognize the validity of the choice of laws provision contained in the e-commerce agreement, we apply the law of Virginia to resolve this appeal. See Paul Bus. Sys., Inc. v. Canon U.S.A., Inc., 397 S.E.2d 804, 807 (Va. 1990); Kagan v. Master Home Prods. Ltd., 193 S.W.3d 401, 407 (Mo. Ct. App. 2006). Resolution of this appeal is also governed by the FAA, 9 U.S.C. § 1 et seq., because the e-commerce agreement "involved interstate commerce."

Amchem Prods., Inc. v. Newport News Circuit Court Asbestos Cases, 563 S.E.2d 739, 743 (Va. 2002).

Pursuant to the FAA, we construe the arbitration clause resolving any doubts in favor of arbitration. Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 92 (4th Cir. 1996) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co., 460 U.S. 1, 24-25 (1983)). "Thus, we may not deny a party's request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" Id. (quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)). However, a "party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Amchem Prods., Inc., 563 S.E.2d at 743 (quoting United Steelworkers of Am., 363 U.S. at 582). When determining whether a contractual dispute exists that is subject to arbitration, Virginia courts examine the contract's language and apply the commonwealth's substantive contract law. Id.

On appeal, AMF contends that the e-commerce agreement's merger clause incorporates and subsumes the oral franchise agreement such that the e-commerce agreement is the sole agreement between the parties necessitating arbitration of the present dispute. "[A] 'merger clause' (sometimes an 'integration' or 'entire agreement' clause) . . . 'merges' prior negotiations into the writing. A typical clause includes a recital that the writing 'contains the entire agreement of the parties.'" 2 E. Allan Farnsworth, Farnsworth on Contracts § 7.3 (3d ed. 2004); see, e.g., Prospect Dev. Co., Inc. v. Bershader, 515 S.E.2d 291, 296 (Va. 1999) (observing that a contract contained an "integration clause" stating "that in the absence of an amendment in writing, the contract contains the final and entire agreement between the parties"); Spotsylvania County Sch. Bd. v. Seaboard Surety Co., 415 S.E.2d 120, 126 (Va. 1992) (noting that "a merger clause in the contract stated that the document 'represent[ed] the entire and integrated agreement between the parties'").

Merger clauses "purport to contractually require application of the parol evidence rule to the parties' agreement." 11 Richard A. Lord, Williston on Contracts § 33:21 (4th ed. 1999). In Virginia, "parol evidence . . . is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous, unconditional written instrument." Shevel's Inc.-Chesterfield v. Se. Assocs., Inc., 320 S.E.2d 339, 343 (Va. 1984)). However, a merger "clause does not prohibit the admission of parol evidence which does not contradict or vary the terms of the . . . contract . . . ." Prospect Dev. Co., Inc., 515 S.E.2d at 296. In this case, as the district court found, the e-commerce agreement does not address Suburban's ability to promote or sell AMF's products, which is the subject of the prior oral franchise agreement. Accordingly, the prior oral agreement necessarily does not seek to contradict or supplement the subsequent e-commerce agreement that addresses a different subject, AMF's selling its own product from the AMF website. Thus, these facts do not implicate the parol evidence rule.

Further, the e-commerce agreement does not extinguish the prior oral franchise agreement because it constitutes an independent agreement under the "collateral contract doctrine." Because "the parol evidence rule does not exclude parol proof of a prior or contemporaneous oral agreement that is independent of, collateral to and not inconsistent with the written contract, and which would not ordinarily be expected to be embodied in the writing," a merger clause gives rise to no more than a presumption that all the parties' prior agreements merged into the written agreement. Shevel's, 320 S.E.2d at 343 (quoting Pierce v. Plogger, 286 S.E.2d 207, 209 (Va. 1982)). The Virginia Supreme Court refers to this exception to the parol evidence rule as the "collateral contract doctrine." Id. The Shevel's Court determined that this doctrine required the admission of a prior oral agreement into evidence, despite a merger clause in the parties' subsequent written agreement, because the prior oral agreement was a "different agreement" that did not seek "to vary or explain" the subsequent written agreement. Id. In a later case, the Virginia Supreme Court discussed Shevel's and stated that its "focus then was on whether parol evidence was admissible in the face

of a [contract] silent on the subject matter of an alleged separate agreement yet stating that it was the complete agreement of the parties. We said such evidence was admissible." J.E. Robert Co. v. J. Robert Co., Inc. of Virginia, 343 S.E.2d 350, 353 (Va. 1986).

This case involves two distinct agreements between Suburban and AMF. Suburban and AMF initially entered into the oral franchise agreement providing for Suburban's promotion and sale of AMF products from Suburban's stores. Subsequently, the parties executed the written e-commerce agreement, which required Suburban to install and service AMF products sold by AMF through its website to its customers. Therefore, the oral franchise agreement addresses a contractual relationship between the parties that is not covered in any manner by the e-commerce agreement. As a result, the oral franchise agreement is "independent of, collateral to, and not inconsistent with" the e-commerce agreement within the meaning of Shevel's. See Shevel's, 320 S.E.2d at 343. Thus, the parties did not intend for the e-commerce agreement to be their sole agreement such that the merger clause does not subsume the prior oral franchise agreement pursuant to Virginia's "collateral contract doctrine." Because the agreements are independent of each other, the e-commerce agreement's arbitration language cannot be attributed to the oral franchise agreement, even construing the language in favor of arbitration. Accordingly, Suburban has not agreed to arbitrate its claims in the underlying suit.

III.

We conclude that the district court did not err in denying AMF's motion to dismiss or in the alternative to compel arbitration and stay proceedings, and affirm.

_____

-6-