# CIRCUIT COURT OF AMHERST COUNTY

Bettie M. Sutton
and Norma M. Stinson

v.

Carol Jeanette May

April 16, 2007

Case No. CL 6063

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to furnish you with the ruling of the court in this case. In this regard, I grant judgment in favor of Carol Jeanette May and dismiss the complaint.

The plaintiffs allege in their complaint that Carol Jeanette May agreed to pay her four siblings sufficient money to equalize the distributions under the estates of their parents, J. Herbert May and Alma Christine Dillon May. Under their allegations, the plaintiffs maintain that they are due $14,245.88 each. The plaintiffs further maintain that a "Letter of Intent" dated July 6, 2002, reflects the agreement of Carol J. May to equalize the shares.

The evidence admitted at trial established that the executors of the J. Herbert May Estate and Alma Christine Dillon May Estate and the trustees of the J. Herbert May Trust properly fulfilled their duties and made the correct distributions pursuant to the two wills and trust. The evidence further established that, pursuant to the terms of these legal instruments, Carol J. May did receive a greater share than her four siblings.

Further, the evidence established that, by a deed dated February 20, 2002, the trustees of the J. Herbert May Trust distributed to Carol J. May the real estate known as 215 Hillcrest Drive pursuant to the terms of the trust instrument. The deed conveying 215 Hillcrest Drive to Carol J. May specifically conveyed that property pursuant to the terms and condition of the testamentary trust.

The letter of July 6, 2002, is not a contract. It is plainly stated on its face that it is a letter of intent. No other siblings signed the letter of intent. There is no consideration recited in the letter of intent. Further, Carol J. May did not receive any benefit from the letter of intent nor did she suffer any loss or detriment. Thus, there is simply no contract between the parties.

Even if there were a contractual agreement, there was no consideration to support the contract. It is certainly true a very slight advantage to one party or a trifling inconvenience to another party is generally sufficient consideration. *Dulany Foods v. Ayers*, 220 Va. 502, 511, 260 S.E.2d 196 (1979). However, a mere forbearance to prosecute a worthless or unfounded claim is not consideration recognized by the law as valuable. *Pierce v. Plogger*, 223 Va. 116, 121, 286 S.E.2d 207 (1982), citing *Hooff v. Paine*, 172 Va. 481, 485, 2 S.E.2d 313 (1939).

If there had been a contract in this case, the consideration would have simply been a forbearance to prosecute a worthless claim. All the evidence indicated the proper distributions were made, including the distribution of the real estate to Carol J. May. Thus, the plaintiffs had no legal claim against Carol J. May. This was confirmed by the testimony of Marvin May, a sibling. Marvin May attended the meeting at the office of the commissioner of accounts and was a trustee under the trust. Marvin May testified that he did not believe that Carol May made a binding agreement or that the letter of intent was a binding agreement. Mr. May further testified that she was not required to pay her siblings any money. The deposition of Stephen C. Martin, Commissioner of Accounts, also supported the testimony of Marvin May.

Accordingly, because Carol May had no duty to pay any money to her siblings and because the siblings did not have a legal claim against Carol May, there was simply no consideration to support an agreement.

An order is enclosed that dismisses this case.

## Order

This case matured for trial. Upon the evidence presented, and the arguments of counsel, and for the reasons set forth in the letter opinion dated April 16, 2007, which is incorporated into this order by reference, the court does adjudge, order, and decree that there was not a valid contract between the plaintiffs and the defendant; and if there had been a valid contract, there was not consideration to support the contract. Accordingly, the court does adjudge, order, and decree that the motion for judgment of the plaintiffs is dismissed. The objections of the plaintiffs are noted. Endorsement of this order is waived pursuant to Rule 1:13. The clerk is directed to mail a certified copy of this order to counsel. This case is ended and dismissed from the docket.