# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2083

_____

Art Etc. LLC,

        Appellee,

v.

Angel Gifts, Inc.; Donald Schmit,

        Appellants.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*
\*

_____

Submitted: January 10, 2012
Filed: July 27, 2012

_____

Before MURPHY, BYE, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Art Etc., LLC, sought a declaratory judgment in the district court that the sale of inventory purchased from Angel Gifts, Inc. ("Angel Gifts") and Donald Schmit would amount to copyright infringement, in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq*. Angel Gifts and Donald Schmit moved to stay the proceedings pending arbitration. The district court[1] denied the motion. The movants appeal the denial. We have jurisdiction under 9 U.S.C. § 16(a)(1)(A), and we affirm.

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa, adopting the report and recommendation of the Honorable Ross A. Walters, United States Magistrate Judge for the Southern District of Iowa.

I.

Art Etc. entered into an asset purchase agreement with Angel Gifts and Donald Schmit on March 28, 2007. Under the agreement, Angel Gifts agreed to sell art prints to Art Etc. On April 10, 2007, the parties executed a promissory note for a portion of the purchase price. The asset purchase agreement made no mention of the April note, and the April note was not made an exhibit to the agreement. The agreement included an integration clause that said the agreement and the exhibits to the agreement contained the entire understanding of the parties, and that the agreement may be amended only by written instrument.

In October 2008, Art Etc. and Schmit executed two more documents: an amendment to the asset purchase agreement and a revised promissory note (the "October note"). Paragraph 6 of the amendment to the agreement explains that the parties will execute a new promissory note, and the note is Exhibit A to the amendment. The revised note reduced the amount owed by Art Etc. because some of the goods were damaged. The note contains a provision for arbitration.

Art Etc. thought it could sell the art images that it purchased from Angel Gifts and Schmit. But when Art Etc. started to sell some of the original images or copies thereof, the company began to receive notices of copyright infringement. According to Art Etc., it discovered that 44 percent of the approximately 2500 art images that it purchased did not have the necessary "consents" that would allow Art Etc. to sell the images in compliance with the copyright laws. Art Etc. alleges that the problem affects approximately 70 percent of the most popular images.

Art Etc. then sued Angel Gifts and Schmit, claiming that the art inventory was supposed to have "a proper inventory of consents" to permit resale, and that Angel Gifts and Schmit failed to obtain them. Art Etc. seeks a declaratory judgment that the sale of these works would violate the Copyright Act, 17 U.S.C. § 101 *et seq*. Art Etc.

also alleges that Angel Gifts and Schmit breached the asset purchase agreement by failing to obtain the necessary consents, and that they made fraudulent misrepresentations in connection with the agreement. Art Etc. seeks damages or, alternatively, rescission of the asset purchase agreement.

Angel Gifts and Schmit moved to stay the proceedings pending arbitration, invoking the arbitration clause contained in the October note. The district court, adopting the report and recommendation of a magistrate judge, concluded that the arbitration provision applies only when Art Etc. seeks to offset its obligations under the note. The court determined that Art Etc. does not seek to offset its obligations under the October note in this action, and that Art Etc.'s claims thus do not fall within the scope of the arbitration provision.

Angel Gifts and Schmit appeal, arguing that the district court erred in denying the motion to stay proceedings. They also contend that Angel Gifts is entitled to enforce the arbitration provision, even though it is not a signatory to the October note.

II.

The Federal Arbitration Act, 9 U.S.C. § 4, states that a party aggrieved by the failure of another to arbitrate under a written agreement may petition the district court for an order compelling arbitration. Arbitration is a matter of contract, however, "and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). We review *de novo* the district court's denial of a motion to stay pending arbitration when that ruling is based on the interpretation of a contract. *Suburban Leisure Ctr., Inc. v. AMF Bowling Prods., Inc.*, 468 F.3d 523, 525 (8th Cir. 2006). "We apply ordinary state-law contract principles to decide whether parties have agreed to arbitrate a particular matter, giving healthy regard for the federal

policy favoring arbitration." *Asia Pac. Indus. Corp. v. Rainforest Café, Inc.*, 380 F.3d 383, 385 (8th Cir. 2004).

The parties agree that Iowa law applies. The parties also agree that the October note includes a valid agreement to arbitrate certain matters. The fighting issue is whether the subject matter of this dispute falls within the scope of the arbitration clause.

The October note contains the arbitration clause. It states in relevant part:

> *In the event of a breach by [Schmit] of any duties or covenants under the Asset Purchase Agreement, [Art Etc.] may offset [its] obligations under this note.* As a condition precedent to [Art Etc.] offsetting any obligation under this note [Art Etc.] must provide [Schmit] [a] list of the alleged infringement by certified letter within 15 days of discovery by [Art Etc.]. [Schmit] will then be given 5 days in which to correct the alleged breach to [Art Etc.'s] reasonable satisfaction. If there are no infringements then the promissory note will continue to maturity.

> *In the event of a dispute between the parties as to the existence of an infringement, the parties agree to submit the controversy to a single Arbitrator appointed pursuant to the rules of the American Arbitration Association.*

R. Doc. 10-3 (emphasis added).

We agree with the district court that the disputes subject to arbitration under the second paragraph are disputes concerning payment of the note—that is, those disputes "for which Art Etc. elects to offset note payments as permitted in the first paragraph." The two paragraphs in the note outline a process under which Art Etc. may offset payments for Schmit's breach of his duties and covenants under the asset purchase agreement. The first paragraph makes Art Etc.'s payment of the note

-4-

subject to Schmit's compliance with the agreement. If Schmit breaches the agreement, then Art Etc. may seek to offset its obligations under the note, but it must first give Schmit an opportunity to cure the breach. If, in this context, the parties dispute whether Schmit has breached the asset purchase agreement, then they agree to arbitrate.

Schmit's alternative interpretation—that the arbitration clause applies to all claims for monetary damages arising under the asset purchase agreement—is not reasonable. For one thing, it would make little sense to place such a broad arbitration clause in the note rather than in the asset purchase agreement itself. Once the note is paid, it would be canceled. Even though disputes might still arise under the asset purchase agreement, the arbitration clause would be nullified.

The text of the note supports a more limited reading. The first paragraph refers to a "breach" by Schmit and equates a "breach" with an "infringement." When the second paragraph speaks of "an infringement," it naturally refers back to the "infringement" or "breach" described in the first paragraph. A "breach" described in the first paragraph is not *any* breach that results in monetary damage. It is a breach as to which Art Etc. chooses to "offset [its] obligations under the note."

The broader context of the asset purchase agreement confirms this interpretation. The agreement contemplates that the parties may engage in "litigation," thus implying that not all disputes under the agreement are subject to arbitration. Paragraph 20 of the agreement provides for an award of attorneys' fees to the prevailing party "[s]hould any litigation be commenced between the parties to this contract." Paragraph 27 gives Art Etc. "the right to seek specific performance, in a court of competent jurisdiction," in certain circumstances, "in addition to any other remedy provided by law." Iowa law strives to give effect to all language in a contract, *Fashion Fabrics of Iowa, Inc. v. Retail Investors Corp.*, 266 N.W.2d 22, 26 (Iowa 1978), but if we read the arbitration provision to cover all disputes in which a

party seeks monetary damages, then the litigation provisions in the agreement would be superfluous.

Angel Gifts and Schmit contend that the April 2007 note, which they say included an arbitration clause identical to the October note, superseded the asset purchase agreement and rendered null the provisions that contemplate litigation. There is no evidence, however, that the parties intended for the April note (which is not even part of the record) to amend the agreement. The parties did later execute a formal amendment of the asset purchase agreement and incorporate the October note as an exhibit. The amendment provides that "[e]xcept as expressly amended and modified by this Amendment, the Asset Purchase Agreement shall remain in full force and effect." Nothing in the amendment or the October note expressly amends the litigation provisions of the agreement.

For these reasons, we conclude that the parties intended for the arbitration provision to apply only when Art Etc. seeks to offset its obligations under the October note in response to a breach of the asset purchase agreement by Schmit. To offset is "[t]o balance or calculate against." *Black's Law Dictionary* 1195 (9th ed. 2009); *see, e.g.*, *Wilson v. Farm Bureau Mut. Ins. Co.*, 770 N.W.2d 324, 327-30 (Iowa 2009). Art Etc.'s action does not ask the court to balance the amount it owes under the October note or to calculate any sum against that amount, but rather seeks a declaratory judgment and either damages or rescission of the asset purchase agreement. The claims go beyond Art Etc's obligations under the note. Art Etc.'s claims thus do not fall within the scope of the arbitration provision, and arbitration is not required.

\* \* \*

The order of the district court is affirmed.

_____

-6-